# In the United States Court of Federal Claims

No. 15-371 L

Filed: March 8, 2018

******************************************
```
                                          *
WAVERLEY VIEW INVESTORS, LLC,             *
                                          *
          Plaintiff,                      *
                                          *       Declaration of Takings Act, 40 U.S.C.
v.                                        *          § 3116 (2012);
                                          *       Just Compensation.
THE UNITED STATES,                        *
                                          *
          Defendant.                      *
                                          *
```
******************************************

**Clifford Jack Zatz**, Crowell & Moring LLP, Washington, D.C., Counsel for Plaintiffs.

**Jessica Michelle Held**, United States Department of Justice, Environmental and Natural Resources Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL JUDGMENT

**BRADEN**, *Chief Judge*.

On January 5, 2018, the court issued a Post-Trial Memorandum Opinion And Order, wherein the court determined that after expiration of the April 24, 2013 Right-of-Entry Agreement (the "WVI ROE") between the United States Army (the "Army") and Waverley View Investors, LLC ("Plaintiff"), the Army "effected a permanent physical taking of those portions of the Waverley View Property . . . occupied by the Army-installed gravel access road and monitoring wells." *Waverley View Inv'rs, LLC v. United States*, No. 15-371 L, 2018 WL 300559, at *39 (Fed. Cl. Jan. 5, 2018). The court also determined that Plaintiff was "entitled to $1.06 per square foot[1]

---

[1] For reasons discussed in the January 5, 2018 Post-Trial Memorandum Opinion And Order, the court used the Government's expert's, Terrence McPherson, estimated unimpaired value for the Waverley View Property of $11,000,000 and added appreciation of 3 percent annually for the period of May 10, 2013 to November 13, 2014, when the WVI ROE was in effect, yielding $11,500,000. *See Waverley View Inv'rs, LLC*, 2018 WL 300559, at *55. Next, the court accounted for the presence of contaminants on the property, by reducing the unimpaired value by 72%, as Plaintiff's expert, William Harvey, recommended, yielding $3,220,000 as the estimated impaired value of the Waverley View Property. *Id.* Then, the court apportioned the impaired value of the Waverley View Property between Phase I and Phase II, based on a ratio suggested by the

for the property physically occupied by the Army-installed monitoring wells and gravel access road, including a reasonable square footage to accommodate development around the monitoring wells." *Id.* at \*56. At trial, however, neither party provided the court with an estimate of that area. *Id.* Accordingly, the parties were directed to provide the court with this information on or before February 23, 2018. *Id.*

On February 23, 2018, Plaintiff filed an Estimate Of Square Footage Physically Occupied By The Federal Government's Monitoring Wells And Gravel Access Road ("Plaintiff's February 23, 2018 Estimate"). ECF No. 111 ("2/23/18 Pl. Est."). On that day, the Government also filed a Submission Of Square Footage, Pursuant To The Court's January 5, 2018 Order ("Government's February 23, 2018 Estimate"). ECF No. 112 ("2/23/18 Gov't Est.").

I. **PLAINTIFF IS ENTITLED TO JUST COMPENSATON OF $56,554.18, PLUS INTEREST AT THE RATE SET FORTH IN THE DECLARATION OF TAKINGS ACT.**

A. **Plaintiff's February 23, 2018 Estimate.**

Plaintiff estimated that "the Government's monitoring wells and gravel access road occupy 53,353 square feet of [the Waverley View P]roperty," including "24,172 square feet occupied by the Government's gravel access road, [and] 29,181 square feet that are within a 25-foot radius[2] of the Government's 15 monitoring wells." 2/23/18 Pl. Est. at 1.

Using "computer-aided design and drafting ("CADD") software," John W. Anderson[3] calculated the "area of the well circles and gravel road," based on a 25-foot radius "buffer zone" around each monitoring well and an outline of the gravel access road from a survey of the Waverley View Property performed on January 17, 2018. 2/23/18 Pl. Est. Ex. A (ECF No. 111-1) (Feb. 22, 2018 Declaration of Mr. Anderson); *see also* 2/23/18 Pl. Est. Ex. 1 (ECF No. 111-2) (PX 122 with overlay of "buffer zones" and gravel access road outline). Then, using the 25-foot radius "buffer zones," Mr. Anderson estimated the "total area of the well circles to be 29,181 square feet." 2/23/18 Pl. Est. Ex. A. Finally, Mr. Anderson "calculated that the gravel road

---

Government's expert, yielding an impaired value of approximately $1,050,000 for Phase II of the Waverley View Property. *Id.* Finally, because Phase II consists of approximately 23 acres, *i.e.*, 993,882 square feet, the court determined that Phase II of the Waverley View Property was worth $1.06 per square foot as of November 13, 2014. *Id.* at \*56.

[2] The 25-foot radius was derived from the testimony of Mr. McPherson, the Government's "expert in real estate appraisal," who testified that a 25-foot radius "buffer zone" around each monitoring well provided "adequate access and maneuverability" for the Army, so that "the wells [can] be accessed and monitored using a vehicle no larger than a standard pick[up] truck which is approximately 17' to 18' in length." 2/23/18 Pl. Est. at 1–2; DX 142 at 91 (Mr. McPherson's Expert Testimony).

[3] Mr. Anderson is the "Chief Acquisition Officer for Rocky Gorge Development . . . , which is the development manager of the Waverley View [P]roperty[.]" 2/23/18 Pl. Est. Ex. A.

covered the remaining balance of the total, [*i.e.*,] approximately 24,172 square feet." 2/23/18 Pl. Est. Ex. A.

### B. The Government's February 23, 2018 Estimate.

The Government estimated "the square footage of property physically occupied by the Army-installed monitoring wells and gravel access road, including a reasonable square footage to accommodate development around the monitoring wells to be 29,928 square feet." 2/23/18 Gov't Est. at 1–2 (internal quotation marks omitted).

Using "Google Earth Pro,"[4] Joseph Gortva[5] estimated that the gravel access road occupied 29,700 square feet of the Waverley View Property. 2/23/18 Gov't Est. Ex. 1 (ECF No. 112-1) (Feb. 23, 2018 Declaration of Mr. Gortva). Mr. Gortva assumed, however, that the Army planned "to close nine of the [eleven] shallow [monitoring] wells[6] . . . [as] they are no longer needed." 2/23/18 Gov't Est. Ex. 1. Therefore, Mr. Gortva estimated that the nine shallow monitoring wells each occupied only "one foot wide by one foot long," *i.e.*, a total of approximately 9 square feet. 2/23/18 Gov't Est. Ex. 1. Next, using an estimate of "6 feet wide by 6 feet long . . . to 'accommodate development'" for each of the remaining two shallow monitoring wells,[7] Mr. Gortva estimated that they covered approximately 72 square feet. 2/23/18 Gov't Est. Ex. 1. Finally, using an estimate to "accommodate development [of] 7 feet wide by 7 feet long," Mr. Gortva estimated that three of the "deep" monitoring wells[8] covered 147 square feet. 2/23/18 Gov't Est. Ex. 1. In sum, Mr. Gortva calculated that "the total square footage including the area

---

[4] "Google Earth is a geospatial software application that displays a virtual globe, which offers the ability to analyze and capture geographical data. . . . Google Earth Pro uses the same imagery as . . . Google Earth. However, Google Earth Pro offers additional tools . . . like . . . an option to set up measuring areas of polygons or circles." Amit Chowdry, *Google Earth Pro Is Now Available For Free*, FORBES (Jan. 30, 2015, 2:46 PM), https://www.forbes.com/sites/amitchowdhry/2015/01/30/google-earth-pro-is-now-available-for-free/#3690545b21b6.

[5] Mr. Gortva is "a civilian employee of the . . . Army and work[s] as the Chief of the Environmental Management Division within the Directorate of Public Works at Fort Detrick, Maryland." 2/23/18 Gov't Est. Ex. 1.

[6] The nine shallow monitoring wells are: TW-2; TW-3; and TW-5–TW-11. 2/23/18 Gov't Est. Ex. 1.

[7] The two shallow monitoring wells are: TW-1 and TW-4. 2/23/18 Gov't Est. Ex. 1.

[8] The three "deep" monitoring wells are: WVLY-1; WVLY-2; and WVLY-3. 2/23/18 Gov't Est. Ex. 1. Mr. Gortva excluded "deep" monitoring well WVLY-5 from the estimate because "[t]he WVLY-5 [p]ad and the [b]ollard area[,] which will accommodate development[,] is 100 percent contained within [the] gravel road footprint area and therefore has already been captured." 2/23/18 Gov't Est. Ex. 1.

to 'accommodate development' around the monitoring wells [was]: $29,700 + 9 + 72 + 147 = 29,928$ square feet." 2/23/18 Gov't Est. Ex. 1 (emphasis omitted).

### C.     The Court's Resolution.

The final determination required in this case is to ascertain which party's February 23, 2018 Estimate more accurately reflects "the square footage of property physically occupied by the Army-installed monitoring wells and gravel access road, including a reasonable square footage to accommodate development around the monitoring wells." *Waverley View Inv'rs, LLC*, 2018 WL 300559, at *56.

Plaintiff's February 23, 2018 Estimate assumed a 25-foot radius "buffer zone," based on Mr. McPherson's testimony that, if the Army needs to use the monitoring wells in the future, "[a] 25 foot radius will provide adequate access and maneuverability." DX 142 at 91. In contrast, the Government's February 23, 2018 Estimate is not supported by the record. First, Mr. Gortva's estimate of "approximately one foot wide by one foot long" for nine shallow monitoring wells assumes that the Army intends to close these wells. 2/23/18 Gov't Est. Ex. 1. But, the record reflects that the Army may need to use the monitoring wells in the future. JX 8 at WVI00009414 (Feb. 5, 2015 letter from the United States Environmental Protection Agency, "urg[ing Plaintiff] to continue to provide access to the Army to allow it to pursue its investigation of the groundwater plume that extends beneath [the Waverley View Property]"). Second, Mr. Gortva's estimate of "6 feet by 6 feet" and "7 feet by 7 feet" areas to "accommodate development" around the remaining monitoring wells is substantially less than Mr. McPherson's testimony of a 25-foot radius "buffer zone." *Compare* 2/23/18 Gov't Est. Ex. 1 (Feb. 23, 2018 Declaration of Mr. Gortva), *with* DX 142 at 91 (Mr. McPherson's Expert Testimony). Mr. Gortva explained that his estimates were based on "the square footage around the wells that would be needed to obtain monitoring information," but he provided no explanation for why he did not agree with the 25-foot radius suggested by Mr. McPherson. 2/23/18 Gov't Est. Ex. 1.

Plaintiff's February 23, 2018 Estimate is also based on a survey of the Waverley View Property performed on January 17, 2018, and accounts for overlaps between the monitoring wells, "buffer zones," and the gravel access road. 2/23/18 Pl. Est. Ex. A, 1. In contrast, Mr. Gortva used "Google Earth Pro" to estimate the area occupied by the gravel access road, but failed to state when the "aerial photographs" were taken or if they reflect the current condition of the Waverley View Property. 2/23/18 Gov't Est. Ex. 1.

For these reasons, the court has determined that Plaintiff's February 23, 2018 Estimate is consistent with the record and accurately represents the current "square footage of property physically occupied by the Army-installed monitoring wells and gravel access road, including a reasonable square footage to accommodate development around the monitoring wells," *i.e.*, 53,353 square feet. Accordingly, Plaintiff is entitled to just compensation of $56,554.18, *i.e.*, 53,353 square feet multiplied by $1.06 per square foot.

The parties also disagree about the appropriate rate of interest. *See Waverley View Inv'rs, LLC*, 2018 WL 300559, at *41, 45. The court, however, consistently has determined that the appropriate interest rate in Takings Clause cases is the rate set forth in the Declaration of Takings Act ("DTA"), 40 U.S.C. § 3116. *See Textainer Equip. Mgmt. Ltd. v. United States*, 99 Fed. Cl.

4

211, 223 (Fed. Cl. 2011) (determining that "the DTA rate, and not the Moody's Corporate Bond Index rate" should apply to just compensation awards for a taking of subleased containers lost by the government); *see also Vaizburd v. United States*, 67 Fed. Cl. 499, 504 (Fed. Cl. 2005) (determining that "[i]n the absence of special proof that a rate other than [the DTA rate] is appropriate, [the court] use[s the DTA] rate" to assess interest on an award of just compensation resulting from the government's "deposition of sand on plaintiffs' property"); *NRG Co. v. United States*, 31 Fed. Cl. 659, 670 (Fed. Cl. 1994) (applying the DTA rate as "a more accurate measure of the economic harm . . . than the CDA interest rates" to claims for just compensation for the "cancel[ation of] three mineral prospecting permits owned by plaintiffs"). Accordingly, Plaintiff is entitled to interest at the DTA rate from November 13, 2014, *i.e.*, the date of expiration of the WVI ROE, to the date of payment.

## II.     CONCLUSION.

For these reasons, the court has determined that Plaintiff is entitled to recover $56,554.18 in just compensation, together with interest calculated from November 13, 2014, to the date of payment, pursuant to 40 U.S.C. § 3116.

The Clerk of Court is directed to enter a final judgment in accordance with this Memorandum Opinion And Final Judgment.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**